UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. BUNDY,<br><br>            Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. ED CV 12-1052-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he: 1) rejected her treating doctor's opinion that she could not work; 2) failed to properly develop the record; and 3) assessed Plaintiff's residual functional capacity. For the reasons discussed below, the Court concludes that the ALJ did not err.

## II. SUMMARY OF PROCEEDINGS

In February 2009, Plaintiff applied for DIB and SSI, alleging that she was disabled due to bipolar disorder and the side effects of

her bipolar medication, primarily sleepiness and an inability to concentrate. (Administrative Record ("AR") 49-50, 80-81, 119-29, 135, 143, 164-65.) Her applications were denied initially and on reconsideration. She then requested and was granted a hearing before an ALJ. On December 14, 2010, she appeared with counsel and testified at the hearing. (AR 37-64.) The ALJ denied the applications in January 2011. (AR 12-22.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3, 5, 8.) This action followed.

### III. ANALYSIS

A. The ALJ's Rejection of the Treating Psychiatrist's Opinion

Plaintiff's treating psychiatrist, Marianne Soor-Melka, diagnosed Plaintiff with bipolar disorder and treated her with Abilify, Wellbutrin, and Depakote. (AR 395.) Though this medication controlled Plaintiff's bipolar disorder, according to Dr. Soor-Melka, Plaintiff was still unable to work. (AR 395.) The ALJ discounted this opinion because it was an opinion of disability, which is reserved to the Agency, and because it was inconsistent with the medical evidence and Dr. Soor-Melka's statements that claimant was stable on her medications. (AR 20.) Plaintiff contends that this was error. For the following reasons, the Court disagrees.

It is well-established that, "[b]y rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); and *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). A treating physician's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. SSR

96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). This rule does not apply, however, to a treating doctor's opinion regarding the ultimate issue of disability. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting treating physician's opinion is "not binding on an ALJ with respect to the . . . ultimate determination of disability."); 20 C.F.R. § 404.1527(e)(3); *see also* SSR 96-5p (explaining opinion that claimant is disabled, "even when offered by a treating source, can never be entitled to controlling weight or given special significance").

     The ALJ was not bound to accept Dr. Soor-Melka's opinion that Plaintiff could not work because it was not a medical opinion but was, instead, an opinion of disability. The ALJ was also not required to accept the opinion because it was not supported by Dr. Soor-Melka's records or her statements. There was no question that Plaintiff's bipolar disorder was completely controlled by her medications. Dr. Soor-Melka said so in her opinion and Plaintiff testified that this was the case at the administrative hearing. (AR 49-50, 395.) Thus, Plaintiff's disability claim was not really premised on her bipolar disorder but on the alleged fatigue caused by her bipolar medications. Plaintiff claimed that she regularly went to bed at 8:00 or 9:00 at night and slept until 11:00 a.m. or noon the following day. (AR 50.) According to Plaintiff's friend, she was only able to function three to four hours a day. (AR 179.) But the evidence simply did not support these claims of fatigue. According to Dr. Soor-Melka's chart notes, she asked Plaintiff on almost every single visit if she was experiencing side effects from her medications and Plaintiff reported almost every single time that she wasn't. (AR 294-319, 353-77, 386-94.) Plaintiff never reported that she was sleeping as much as 16

hours a night, every night.  Thus, the ALJ did not err in rejecting Dr. Soor-Melka's opinion because there was no support for it in the doctor's records and because it was inconsistent with the doctor's opinion that Plaintiff was stable on her meds.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (rejecting treating physician's opinion because it was "conclusory and brief and unsupported by clinical findings"); *Magallanes v. Bowen,* 881 F.2d 747, 751-54 (9th Cir. 1989) (upholding ALJ's rejection of treating doctor's opinion that was contradicted by evidence in the record).

B.   <u>Development of the Record</u>

At the close of the administrative hearing, the ALJ told Plaintiff and her counsel that he needed additional records from Dr. Soor-Melka to support Plaintiff's claim that she was sleeping for "18 hours a day."  (AR 61.)  The ALJ agreed to leave the record open for 30 days to allow Plaintiff and her counsel to submit the records.  (AR 61-62.)  Plaintiff did not submit any additional records.  Plaintiff contends that the ALJ erred by not obtaining additional records from Dr. Soor-Melka on his own and seeks remand and an order requiring the ALJ to do so.

Plaintiff cites the ALJ's duty to fully and fairly develop the record in support of her argument that the ALJ erred.  (Joint Stip. at 11.)  But, as the Agency points out, that duty can be fulfilled by leaving the record open to allow the claimant to submit additional records.  *Tonapetyan*, 242 F.3d at 1150.  The Court finds that the ALJ fulfilled that duty here.  Not only did he leave the record open for 30 days to allow Plaintiff and her counsel to submit additional records, he told counsel that if he could not submit the records on time all he had to do was ask and the ALJ would grant him additional

time.  (AR 62.)  Plaintiff and her counsel never submitted additional records and never asked for additional time.  Nor have they presented any records to the Court in the 30+ months since the hearing ended.  This is quite telling.  The inference the Court draws is that there are no records from Dr. Soor-Melka contradicting the numerous records that have already been submitted from Dr. Soor-Melka establishing that Plaintiff's medications do not cause the severe side effects that she now claims.  As such, the Court concludes that the ALJ did not err by failing to pursue these non-existent records and that, even if he did, any error was harmless.[1]

C.   The Residual Functional Capacity Finding

As a corollary to her previous arguments, Plaintiff contends that the ALJ failed to properly assess her residual functional capacity. Because the Court has concluded that the ALJ did not err in rejecting Dr. Soor-Melka's conclusion that Plaintiff could not work and in failing to supplement the record, this argument, too, is rejected. The ALJ was not required to include in the residual functional capacity findings the limitations suggested by Dr. Soor-Melka and by Plaintiff because the record did not support them.

---

[1] Plaintiff's counsel complains that it is unclear why additional records from Dr. Soor-Melka were not submitted as requested by the ALJ. (Joint Stip. at 12.)  The Court believes that it was incumbent on counsel to walk down the hall and ask her colleague, Mr. Fox, who represented Plaintiff in the administrative hearing, why these records were not produced and, if, as the Court suspects, it was because there were none, to not raise this issue on appeal.

5

IV.  CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: July 9, 2013.

*/s/ Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\BUNDY, 1052\Memorandum Opinion and Order.wpd